IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL P. GEDID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1000 |
| ) | |
| HUNTINGTON NATIONAL BANK, *et al.*, ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Cathy Bissoon |
| Defendants. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff Mitchell P. Gedid's Motion to Remand (Doc. 2) be denied, and that Plaintiff's Motion to Strike Amended Notice of Removal (Doc. 10) be denied, as discussed below.

### II. REPORT

**BACKGROUND**

Plaintiff brought this action in the Common Pleas of Allegheny County against Defendants Huntington National Bank, Huntington Bancshares Incorporated, and Chex Systems Incorporated. On August 2, 2011, Defendants removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). On August 4, 2011, Plaintiff filed a motion to remand (Doc. 2). On August 11, 2011, Defendants Huntington National Bank and Huntington Bancshares Incorporated (collectively, "Huntington Defendants") filed an amended notice of removal (Doc. 7). On August 11, 2011, Plaintiff filed a motion to strike the amended notice of removal (Doc. 10).

**ANALYSIS**

Plaintiff argues that Defendants have not established diversity jurisdiction, and that Defendants' removal was procedurally defective because Defendant Chex Systems Incorporated ("Chex") did not consent in writing to the removal. Plaintiff also disputes the accuracy of the Huntington Defendants' allegations regarding when Plaintiff filed and served his state court complaint. Finally, Plaintiff suggests that the case should be remanded because the Huntington Defendants allegedly seek to transfer this case to pending multi-district litigation in the U.S. District Court for the Southern District of Florida.

**A.     Jurisdiction**

This Court has jurisdiction over Plaintiff's claims if the amount in controversy exceeds $75,000 and the case is between citizens of different States. 28 U.S.C. § 1332(a)(1). Plaintiff contends that Defendants have not established diversity of citizenship between Plaintiff and Defendants.[1]

Defendant Huntington National Bank is a national banking association. Decl. of Bryan Carson ¶ 4 (Doc. 7-22). A national banking association is a citizen of the state in which it is "located." 28 U.S.C. § 1348. A national bank is "located" in the state designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Ohio is designated in Huntington National Bank's articles association as the location of its main office. Docs. 22-1, 22-1. Thus, Huntington National Bank is a citizen of Ohio for purposes of diversity jurisdiction.

---

[1]    It is clear from Plaintiff's second amended complaint that he seeks at least $15,000,000 in damages. 2d Am. Compl. at 25 (Doc. 7-19 at 28). While Plaintiff disagrees with Defendants' conclusion that Plaintiff is seeking in excess of $35,025,000, Plaintiff does not dispute that the amount in controversy exceeds $75,000. See Pl.'s Motion to Strike ¶ 10 (Doc. 10).

Defendant Huntington Bancshares is a bank holding company incorporated in Maryland with a principal place of business in Ohio.  Decl. of Bryan Carson ¶ 3 (Doc. 7-22).  For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, Defendant Huntington Bancshares is a citizen of Maryland and Ohio.

Defendant Chex allegedly is an Arizona corporation with a principal place of business in Minnesota.  Am. Notice of Removal ¶ 8 (Doc. 7).  Thus, Defendant Chex is a citizen of Arizona and Minnesota.

Plaintiff is a resident of Pennsylvania.  2d Am. Compl. ¶ 2 (Doc. 7-19).  Defendants allege that Plaintiff also is a citizen of Pennsylvania.[2]  Am. Notice of Removal ¶ 5 (Doc. 7).  If this allegation is correct, then diversity of citizenship exists between Plaintiff and Defendants.

Mere residency in a State is insufficient to establish citizenship for purposes of diversity jurisdiction.  Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377 (1904)).  "A party's citizenship is determined by her domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning.'"  Washington v. Hovensa, LLC, __ F.3d __, 2011 WL 2899598, at *4 (3d Cir. July 21, 2011) (quoting McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)).

Plaintiff argues that Defendants have not established that Plaintiff is a citizen of Pennsylvania, because Plaintiff's complaint alleges only that Plaintiff is a resident of Pennsylvania.  See Motion to Strike ¶¶ 3-5.  Plaintiff speculates that he "could be a citizen of the

---

[2] While Defendants incorrectly allege that Plaintiff's Second Amended Complaint states that Plaintiff is a citizen of Pennsylvania, Defendants clearly are alleging that Plaintiff is a citizen of Pennsylvania.  See Notice of Removal ¶ 5 (Doc. 7).

State of Ohio, or a citizen of the State of Arizona, who maintains a separate residence in the Commonwealth of Pennsylvania." Pl.'s Mot. to Strike ¶ 5 (Doc. 10).  Plaintiff does not actually dispute that he is a Pennsylvania citizen and does not assert that he is a citizen of Ohio or Arizona.  Plaintiff, therefore, has not provided any basis to contest the existence of diversity jurisdiction.

While Defendants have the burden of proving federal jurisdiction at all stages of litigation, see <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007) (citing <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004); <u>Morgan v. Gay</u>, 471 F.3d 469, 473 (3d Cir. 2006)), the removal statute does not require removing defendants to affirmatively prove the existence of federal jurisdiction when filing a notice of removal.  <u>See</u> 28 U.S.C. § 1446(a) (removal requires "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . .").  Thus, Defendants' allegation that Plaintiff is a citizen of Pennsylvania is sufficient for filing a notice of removal.

Because Defendants have the burden of proving the existence of federal jurisdiction, Plaintiff need not affirmatively prove his State of citizenship in seeking remand.  Plaintiff nonetheless must provide some basis to contest the existence of jurisdiction.  If Plaintiff has a good faith basis to assert that he is not a citizen of Pennsylvania and that there is no diversity of citizenship, he may file another motion to remand if consistent with the requirements of Federal Rule of Civil Procedure 11.  <u>See</u> 28 U.S.C. § 1447(c) (noting that a case removed to federal court must be remanded if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction).  Defendants will then have the burden of proving the existence of federal jurisdiction.

B. **Removal Procedure**

Defendants' removal was not procedurally defective. Contrary to Plaintiff's contentions, all Defendants have consented to the removal. Defendants' initial notice of removal (Doc. 1) was filed on behalf of all Defendants, including Defendant Chex. Further, the Huntington Defendants' amended notice of removal included Chex's written consent to the removal (Doc. 7-21).

Plaintiff asserts that he filed his complaint on July 20, 2011, not on July 21, 2011 as alleged by Defendants. See Motion to Strike at 2 (Doc. 10). Whether Plaintiff filed his complaint on July 20, 2011 or July 21, 2011, Defendants' August 2, 2011 notice of removal and August 11, 2011 amended notice of removal were timely. Thus, Plaintiff's contentions regarding the date his complaint was filed and served are immaterial to whether Defendants properly removed this action.

C. **Potential Transfer to Multi-District Litigation**

Finally, Plaintiff's argument that the Huntington Defendants allegedly seek to transfer this case to multi-district litigation in Florida warrants limited attention. The Huntington Defendants' alleged intention to transfer this case is immaterial to whether this Court has subject matter jurisdiction over this case.

**CONCLUSION**

Because Plaintiff has not provided any basis to dispute the existence of diversity jurisdiction, and because Defendants' removal was not procedurally defective, it is respectfully recommended that Plaintiff Mitchell P. Gedid's Motion to Remand (Doc. 2) be denied, and that Plaintiff's Motion to Strike Amended Notice of Removal (Doc. 10) be denied.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and

Recommendation must be filed by September 19, 2011.  Failure to file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Responses to objections are due by October 6, 2011.

<u>s/ Cathy Bissoon</u><br>
Cathy Bissoon<br>
U.S. Magistrate Judge

September 2, 2011

cc (via CM/ECF email):

Mitchell P. Gedid
All attorneys of record