IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MITCHELL P. GEDID,
    Plaintiff,

v.

HUNTINGTON NATIONAL BANK and
HUNTINGTON BANCSHARES
INCORPORATED and CHEX SYSTEMS
INCORPORATED,
    Huntington.

Civil Action No. 11-1000
District Judge Mark Hornak
Magistrate Judge Cynthia Reed Eddy

## MEMORANDUM OPINION

The above captioned case was initiated by the filing of a Notice of Removal of Mitchell Gedid's lawsuit from the Court of Common Pleas of Allegheny County on August 2, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court. Subsequently, defendants Huntington National Bank and Huntington Bancshares Inc. (collectively "Huntington") filed a Motion to Compel Arbitration of Mr. Gedid's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and an arbitration agreement between Gedid and Huntington which provides that "any claim, dispute or controversy between you and us that in any way arises from or relates to a deposit account" shall be subject to binding arbitration.

On February 10, 2012, the United States Magistrate Judge filed a Report and Recommendation [ECF No. 40] recommending that defendants' Motion to Compel Arbitration [ECF No. 14] be GRANTED, and that the case be dismissed. Mr. Gedid then filed timely Plaintiff's Objections to Report And Recommendation of U.S. Magistrate Judge (Motion To Compel Arbitration) [ECF No. 41]. Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

1

Plaintiff's eight objections all raise the same basic challenge to the Magistrate Judge's various material findings, for example:

> Concluding that "In August 2007, Huntington Bank mailed [P]laintiff a Welcome Letter informing him that "Sky Bank will soon become part of Huntington Bank" (R&R p.3), even though *compelling circumstantial evidence* presented in the pleadings demonstrates that Defendant Huntington did not mail Plaintiff a "Welcome Letter" *or the ATM or Check Card promised in the alleged "Welcome Letter"*, and even though Plaintiff seeks limited opportunity to discover and present material rebuttal evidence.

Plaintiff's Objections [ECF No. 41], at ¶ 2 (emphasis added).

The Court has carefully reviewed Mr. Gedid's objections and his discovery requests, and finds that the "fact" (assumed true only for purposes of this decision) that he did not receive ATM or Check Cards as "promised" in the Welcome Letter is neither compelling nor sufficient to cast doubt on the Magistrate Judge's finding that Plaintiff is presumed to have received the Welcome Letter and accompanying documents,[1] nor does it raise enough suspicion to warrant the "limited discovery" Mr. Gedid seeks.

Further, in his Objections, Mr. Gedid does not set forth what evidence might actually be gleaned by his limited discovery. In his Response in Opposition to Defendant's Motion to Compel Arbitration [ECF No. 19], he alludes to such discovery consisting of "the facts of the purported documents and alleged agreements, the details of his account held with Huntington Bank and it's [sic] Carrick and Mt. Lebanon branch(s) [sic], the issue of whether the costs of arbitration would be prohibitive to Plaintiff, and several other relevant topics." Plaintiff's Response in Opposition to Defendant's Motion to Compel [ECF No. 19], at p. 4. Plaintiff also

---

[1] In addition to the legal authority relied upon by the Magistrate Judge, our Circuit's law is in accord. Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 148 (3d Cir. 2008) (citing Rosenthal v. Walker, 111 U.S. 185, 193 (1884)).

2

generally refers to cases where there is discussion of discovery addressed to unconscionability of an agreement to arbitrate under state law. Id. at pp. 6-7.

Discovery addressed to the issue of state-law unsconsionability of the agreement to arbitrate would be futile, given seemingly settled contrary United States Supreme Court precedent in that regard. See Marmet Health Care Ctr. Inc., et al. v. Brown, et al., No. 11-391 and Clarksburg Nursing Home & Rehab. Ctr. LLC, et al. v. Marchio, et al., No. 11-393, 565 U.S. ___ (2012) (per curiam). Further, discovery targeted at Huntington related to the effect of the costs of arbitration on Plaintiff is equally unnecessary. Those are facts in Plaintiff's, not Huntington's, control, and he needs no discovery to gather them – he has them already. As to the "facts of the documents and alleged agreements," the record is replete with those documents based on Huntington's filings. Plaintiff, to be sure, claims repeatedly that there was no such agreement, but sets forth no description, no matter how general, that remotely explains what documents he believes Defendant might possess that would undercut their very own position. Finally, Plaintiff offers no explanation as to how the "details" of his bank account(s) at two of Huntington's branch locations relate in any way whatsoever to the core issue here – whether there was an agreement to arbitrate. Thus, in the end, Plaintiff's generalized assertion that limited discovery is necessary before Huntington's motion to compel may be considered is little more than an aspirational statement based on a hope, with no basis (no matter how modest) in any asserted fact.

Moreover, Plaintiff does not challenge the Magistrate Judge's alternative ruling that "Plaintiff's use of an ATM card and his account at Huntington over a period of years estops him from denying the existence of the agreement with that Bank." Report and Recommendation [ECF No. 40], at 11. This Court agrees with the Magistrate Judge that Plaintiff is bound by the

arbitration agreement with Huntington because of "his continuous use of his account with that Bank following its acquisition of Sky Bank in 2007, making deposits, writing checks and using his debit card." Id. at 12.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and Plaintiff's Objections thereto, the Court will enter the following:

AND NOW, this 1st day of March, 2012,

IT IS HEREBY ORDERED that the Motion to Compel Arbitration [ECF No. 14] is GRANTED. IT IS FURTHER ORDERED that this case is DISMISSED and jurisdiction is relinquished. See Blair v. Scott Specialty Gases, 283 F.3d 595, 600 (3d Cir. 2002) (if all of the claims are arbitrable, a court may dismiss the entire action).

IT IS FURTHER ORDERED that the Report and Recommendation [ECF. No. 40] dated February 10, 2012, as supplemented by this Memorandum Opinion, is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the Clerk of Court mark this case CLOSED.

AND IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Mark R. Hornak
United States District Judge

cc: all ECF registered counsel and parties